IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALEXANDER N. ASANOV, on behalf )
of himself, similarly situated individuals; )
BIOELECTROSPEC, INCORPORATED; ) No. 3-07-1288
and TIRF TECHNOLOGIES, )
INCORPORATED )
                                         )
v. )
                                         )
DENIS K. LEGEIDO )

O R D E R

By order entered January 17, 2008 (Dock Entry No. 5), the Court gave the plaintiff until February 7, 2008, to file a return of service or a status report indicating the status of any attempts to serve the defendant.

On January 25, 2008, the plaintiff made a filing entitled "Proof of Service of the Court Summons, the Complaint, and the Emergency Petition upon the Defendant" (Docket Entry No. 7), in which the plaintiff notifies the Court that the defendant has been served electronically. Electronic service of the complaint and summons is not, however, permitted in accord with Rule 4 of the Federal Rules of Civil Procedure. Specifically, Rule 4(e) provides that service can be effected by delivering a copy of the summons and complaint to the defendant personally (i.e., in person), by leaving a copy of the summons and complaint at the defendant's "dwelling or usual place of abode" with "someone of suitable age and discretion who resides there," by delivering a copy of to an agent authorized by appointment or by law to receive service or process, or by means authorized by the State of Tennessee. Tennessee also permits service by registered or certified mail but it must be acknowledged and signed for by the defendant or someone authorized to accept service on his behalf in accord with Rule 4.04 of the Tennessee Rules of Civil Procedure.

The plaintiff also indicates that, on December 31, 2007, he corresponded with the Sheriff of Davidson County and requested that the Sheriff effect service on the defendant, but that he has not received any response from the Sheriff.

While the Court is sympathetic to the plaintiff's attempts to try to locate and serve the defendant, the Court cannot consider the plaintiff's request for preliminary injunction or any other relief until the defendant is properly served.

The plaintiff shall have until March 14, 2008, to file a return of service, pursuant to Rule 4(l)(1) of the Federal Rules of Civil Procedure, or a status report indicating the status of any additional attempts to serve the defendant.

The plaintiff is also advised that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court must dismiss an action without prejudice if the complaint and summons are not properly served within 120 days of the filing of the complaint, unless good cause is shown for the failure to properly serve the defendant within the 120 day period. That time period does not expire until April 28, 2008.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge